FILED
United States Court of Appeals
Tenth Circuit

February 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff−Appellee,

v.

JESUS ANTONIO
MENDEZ−MONTOYA,

        Defendant−Appellant.

No. 13-2184
(D.C. No. 2:13-CR-02125-JTM-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Jesus Antonio Mendez-Montoya pleaded guilty to one count of conspiracy to

possess with intent to distribute marijuana, 21 U.S.C. § 841(b)(1)(D), and one count

of reentry of a removed alien, 8 U.S.C. § 1326(a) and (b), and received concurrent

sentences of 37 months' imprisonment on each count. In his plea agreement,

Mr. Mendez-Montoya acknowledged that he "knowingly waive[d] the right to appeal

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law." Dist. Court Doc. 19, at 8. He nevertheless took an appeal following the entry of judgment. The government has moved to enforce the appeal waiver in the plea agreement. We grant the motion.

The government's motion explains that the waiver in the plea agreement applies to this appeal, that the waiver was knowing and voluntary, and that there are no circumstances on the existing record to suggest a miscarriage of justice. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). Upon receipt of the motion, we ordered Mr. Mendez-Montoya to file a response. He has done so through counsel, admitting he cannot assert "any legal or factual reasons to deny the motion." Resp. to Mot. to Enforce Appellate Waiver in Plea Agreement (Resp.), at 1.

The response does suggest there may be a potential claim for ineffective assistance of counsel in negotiating and entering the guilty plea, but concedes that there is not an "adequate basis in the [existing] record to raise this issue." *Id.* at 2. Given that concession, the suggested claim is not available on this appeal. *See United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (noting ineffective assistance claims may be heard on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists"). This rule of unavailability applies even where the ineffective assistance claim might

otherwise have been invoked in an effort to invalidate an appeal waiver under the miscarriage-of-justice exception. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005). Under such circumstances, the appeal waiver remains in force on direct appeal, *see id.*, but the defendant's right to pursue the ineffective assistance claim on collateral review should be preserved, *see, e.g., United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

The government's motion to enforce the appeal waiver is granted and the appeal is dismissed. This disposition is without prejudice to any motion brought by Mr. Mendez-Montoya under 28 U.S.C. § 2255 asserting ineffective assistance of counsel.

Entered for the Court
Per Curiam